**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **Shaun Prejean;** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:21-cv-00449** |
| | § | |
| **Jimmy Hopkins, Jr.; Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking; and Amko Automovers, Inc.;** | § § § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, Shaun Prejean, and complains of Defendants Jimmy Hopkins, Jr., Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking, and Amko Automovers, Inc. and for cause of action would respectfully show the following:

## PARTIES

1. Plaintiff, Shaun Prejean, is a resident citizen of Mesquite, Dallas County, Texas.

2. Defendant Jimmy Hopkins, Jr. is an individual resident of Rural Hall, Forsyth County, North Carolina and may be served with process at 2485 Tobaccoville Road, Rural Hall, North Carolina 27045.

3. Defendant Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking is an individual doing business in Rural Hall, Forsyth County, North Carolina and may be served with process at 2485 Tobaccoville Road, Rural Hall, North Carolina 27045.

4. Defendant Amko Automovers, Inc. is a corporation doing business in Los Angeles, Los Angeles County, California and may be served with process by serving its registered agent, Mun Kyung Han, at 2216 Rogers Avenue, Los Angeles, California 90023.

## JURISDICTIONAL FACTS

5. This Court has jurisdiction in this case pursuant to US Code 1332, Diversity of citizenship. At the time this cause of action was commenced, Defendant Jimmy Hopkins, Jr. was an individual resident of Rural Hall, North Carolina, Jimmy Hopkins, Jr. is a individual doing business in Rural Hall, North Carolina, and Defendant Amko Automovers, Inc. is a was a foreign for-profit corporation conducting business in Los Angeles, California.

6. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## VENUE FACTS

7. Venue is proper in the Beaumont Division of the Eastern District of Texas because the incident made the basis of this suit occurred in Jefferson County, Texas, located within the boundaries of the Beaumont Division of the Eastern District of Texas.

## FACTUAL BACKGROUND

8. This lawsuit arises out of a motor vehicle collision that occurred on or about Tuesday, March 2, 2021 on eastbound Interstate 10, outside the city limits of Beaumont in Jefferson County, Texas. Plaintiff Shaun Prejean was operating his vehicle eastbound on Interstate 10 and had slowed for traffic ahead. Defendant Jimmy Hopkins, Jr., while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc., was operating his 18-wheeler behind Plaintiff's vehicle, in the same lane and headed in the same direction. Defendant Jimmy Hopkins, Jr. failed to slow and/or stop and collided hard with the back of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION AGAINST DEFENDANT JIMMY HOPKINS, JR.

9. At the time, and on the occasion in question, Defendant Jimmy Hopkins, Jr. was

operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

c. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

d. Defendant failed to control his speed;

e. Defendant failed to safely operate his tractor-trailer; and

f. Defendant failed to have or apply all his mental faculties because he was distracted by cell phone usage.

10. In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

**CAUSES OF ACTION AGAINST DEFENDANT JIMMY WAYNE HOPKINS, JR. D/B/A JIMMY HOPKINS TRUCKING AND/OR AMKO AUTMOVER, INC.**

11. As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. were the owner(s) of the vehicle driven by Defendant Jimmy

Hopkins, Jr. Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. entrusted the vehicle to Defendant Jimmy Hopkins, Jr. Defendant Jimmy Hopkins, Jr. was unlicensed, incompetent, and/or reckless and Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. knew or should have known that Defendant Jimmy Hopkins, Jr. was unlicensed, incompetent, and/or reckless. Defendant Jimmy Hopkins, Jr.'s negligence on the occasion in question proximately caused the collision.

12. At the time, and on the occasion in question, Defendant Jimmy Hopkins, Jr. was an employee of Defendant Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. and was in the course and scope of his employment with Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc., thereby making Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. liable under the doctrine of *Respondeat Superior*.

13. Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. negligently hired and retained Defendant Jimmy Hopkins, Jr. Moreover, Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. failed to properly qualify, train and/or supervise Defendant Jimmy Hopkins, Jr. in order to prevent such collision.

14. In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc., because Defendants' conduct were of such character as to constitute gross negligence. Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other

users of the public roadways. Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc. chose to allow Defendant Jimmy Hopkins, Jr. to operate a vehicle under Defendants Jimmy Wayne Hopkins, Jr. d/b/a Jimmy Hopkins Trucking and/or Amko Automovers, Inc.'s motor carrier authority on public roadways at the time of the collision.

15. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the 18-wheeler collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

16. As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries**,** Plaintiff seeks monetary damages against the Defendant for the following:

a. Medical expenses in the past and future;

b. Lost wages in the past and loss of earning capacity in the future;

c. Physical pain and suffering in the past and future;

d. Mental anguish in the past and future;

e. Physical impairment in the past and future;

f. Exemplary or punitive damages; and

g. All other relief, in law and in equity, to which Plaintiff may be entitled.

## REQUEST FOR JURY TRIAL

17. Plaintiff hereby demands a trial by jury and includes the appropriate jury fee.

**RELIEF**

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff have:

a. Judgment against Defendants for Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

b. Judgment against Defendants for Plaintiff's future medical expenses;

c. Judgment against Defendants for Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

d. Judgment against Defendants for Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

e. Judgment against Defendants for Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

f. Judgment against Defendants for Plaintiff's lost wages in the past and lost earning capacity in the future;

g. Judgment against Defendants for exemplary or punitive damages;

h. Interest on the judgment at the legal rate from the date of judgment;

i. Pre-judgment interest on Plaintiff's damages as allowed by law;

j. All costs of court; and

k. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: *_/s/ Shelly Greco_*

**SHELLY T. GRECO**
State Bar No. 24008168
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway
Suite 400
Dallas, TX 75231
214/378-6665
214/378-6670 (fax)
shelly.greco@witheritelaw.com

**ATTORNEY FOR PLAINTIFF**